IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL RADIO, INC., an Illinois corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 6 C 1300 |
| v. | )<br>) |
| | ) Wayne R. Andersen |
| ROHILL ENGINEERING, BV, a Dutch corporation, and ROLAND VAN DER BOOM, individually, | ) District Judge<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Rohill Engineering, BV ("Rohill") and Roland van der Boom, ("van der Boom") to compel arbitration pursuant to 9 U.S.C. §§ 3, 4 and § 206. For the following reasons, the motion to compel arbitration is granted.

## BACKGROUND

Plaintiff, American International Radio, Inc. ("AIR"), brought this action against Rohill and van der Boom alleging tortious interference with AIR's prospective economic advantage, tortious interference with AIR's business expectancy in its relationships with its employees, and unjust enrichment. All of these claims stem from a Private Label - Original Equipment Manufacturer Agreement the parties entered into on November 18, 2003 (the "Agreement").

The Agreement provided that AIR was Rohill's authorized, but not exclusive, distributor of Rohill products in the United States and Canada, and that AIR was entitled to appoint independent dealers for the resale of Rohill's products under the AIR brand name. To continue the distributor relationship, the Agreement required AIR to place orders for at least Three Million Euros in sales during the first year of the Agreement and Ten Million Euros in sales

during the second year of the Agreement. Further, AIR was required to buy two "demonstration systems." In the event AIR failed to meet these requirements, Rohill was allowed to cancel the Agreement.

When AIR was unable to meet these requirements, Rohill sent AIR a notice of termination pursuant to the terms of the Agreement. The Agreement terminated three months after this notification, on November 17, 2005, in accordance with the terms of the parties' Agreement.

## DISCUSSION

### I. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards Requires that this Dispute be Arbitrated Pursuant to Section 19.3 of the Agreement

The Agreement provides that:

> Any dispute in connection with the execution of this Agreement will be settled through consultations between the two parties. In case no settlement can be reached through such consultation, the case shall then be submitted for arbitration to the Arbitration Institute of the Stockholm Chamber of Commerce according to the procedure rules of the Arbitration Institute of the Stockholm Chamber.... This Agreement shall be governed by and interpreted in accordance with the law of the Netherlands.

Agreement at § 19.3.

United States courts interpret and apply arbitration provisions with a strong presumption favoring the enforcement of arbitration in international commercial agreements pursuant to the Convention on the Recognition and Enforcement of Foreigh Arbitral Awards, 21 U.S.T. 2517 (the "Convention"). *Marchetto v. DeKalb Genetics Corp.*, 711 F. Supp. 936, 937 (N.D. Ill. 1989) ("The federal policy favoring arbitration applies with special force in the area of international commerce.") In furtherance of this policy, this Court undertakes a four factor

2

inquiry to determine if arbitration is mandatory.

> The strong presumption favoring enforcement of arbitration clauses in international commercial agreements divests this court of substantial discretion in deciding whether to order arbitration. The Convention requires this court to inquire whether (1) there is a written arbitration agreement; (2) the agreement provides for arbitration in a signatory country; (3) the agreement arises out of a commercial legal relationship; and (4) the commercial transaction has a reasonable relationship to a foreign state.

*Id.* at 938-39; *SMG Swedish Machine Group v. SMG Swedish Machine, Inc.*, 1991 U.S. Dist. LEXIS 780, at *3-4 (7th Cir. Jan. 4, 1991). If the answer to all four questions is affirmative, as it is in this case, the court must compel the parties to arbitrate pursuant to the Agreement. *Id.*

The four factors are unquestionably satisfied here. A mandatory, written arbitration agreement exists between the parties. That Agreement provides for arbitration at the Arbitration Institute of the Stockholm Chamber of Commerce in Sweden, a signatory to the Convention. The Agreement arises out of a commercial relationship between AIR and Rohill, and the commercial transaction has a reasonable relationship to a foreign state, as Rohill and van der Boom are both citizens of The Netherlands.

## II. The Arbitration Agreement is Applicable to the Subject Matter of this Dispute

This arbitration clause requires each of Plaintiff's claims to be resolved by arbitration, as each claim is connected to the parties' execution of the Agreement. The Agreement specifically provides that "[a]ny dispute in connection with the execution of this Agreement ... shall then be submitted for arbitration to the Arbitration Institute of the Stockholm Chamber of Commerce." (Agreement at § 19-3). AIR has alleged causes of action sounding in tort and equity, but all of AIR's claims are related to the parties' contractual relationship. When the claims are related to a contract containing an arbitration clause, as these are, it is of no matter that the claims sound in

3

tort, rather than contract. As the Seventh Circuit has stated:

> A plaintiff may not avoid an otherwise valid arbitration provision merely by 'casting its complaint in tort.' The touchstone of arbitrability in such situations is the relationship of the tort alleged to the subject matter of the arbitration clause.

*Kroll v. Doctor's Associates, Inc.*, 3 F.3d 1167, 1170 (7th Cir. 1993), *quoting Sweet Dreams Unlimited, Inc. v. Dial A Mattress Int'l, Ltd.*, 1 F.3d 639 (7th Cir. 1993); *Bass v. Innovative Consultants, Inc.*, 328 Ill. App. 3d 492, 499 (1st Dist. 2002) (compelling arbitration of plaintiff's claims of breach of fiduciary duty, misappropriation of a business opportunity and tortious interference with contract, when the claims concerned the parties' contract, which contained an arbitration clause), *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999) (finding a claim of tortious interference with an employment contract was properly resolved by arbitration under the terms of the parties' contract). AIR's own allegations undermine its attempt to distance its claims from the parties' Agreement, as they either expressly incorporate Rohill's actions during the term of the Agreement, or are premised on Rohill's actions in terminating the Agreement.

All of AIR's claims stem from actions undertaken in connection with the parties' contractual relationship. AIR explicitly incorporates Rohill's actions during the term of the Agreement by alleging that its claims include Rohill's actions prior to, and following termination of, the Agreement. These allegations, on which Counts I-III are based, refer to the parties' actions during the time in which the Agreement was in effect. Therefore, this dispute, which arises from those actions is "in connection with the execution of the Agreement." To the extent AIR's claims refer to events following the termination of the Agreement, they are based on Rohill's termination of the Agreement.

4

Courts are in accord that language similar to that in the arbitration provision at issue here shall encompass each of Plaintiff's claims. The plain meaning of this arbitration clause means that disputes "causally or logically connected to" "fully carrying out" the Agreement, or "doing what is required" by the Agreement, are required to be arbitrated. *See* Webster's Ninth New Collegiate Dictionary, 433 (9th ed. 1983). In *Good(E) Business Systems, Inc. v. Raytheon Co.*, 614 F. Supp. 428 (W.D. Wis. 1985), the court found the plain meaning of the language "arising in connection with" suggested that the arbitration clause had a broader scope than it would under language such as "arising out of" or "arising under." *Id.* at 429, *citing Mediterranean Enterprises, Inc. v. Sangyong Corp.*, 708 F.2d, 1463-64 (9th Cir. 1983). A clause requiring arbitration of issues "arising in connection with" a contract permits even disputes not concerning the terms of the contract itself be submitted to arbitration. *Good(E) Business Systems*, 614 F.Supp. at 430.

In sum, by the very terms of the Complaint, there can be no question that Plaintiff's claims originated with parties' Agreement and their operations thereunder. Each claim, therefore, must be submitted to arbitration pursuant to Section 19.3 of the Agreement.

### III. AIR Cannot Circumvent the Arbitration Provision by Including Roland van der Boom as a Defendant

AIR argues that this controversy cannot be submitted to arbitration because one of the parties, Defendant, van der Boom is not a party to the Agreement. This Court has expressly addressed this issue and has held that naming parties who are not signatories to the Agreement does not frustrate the enforcement of an arbitration clause. *Marchetto v. DeKalb Genetics Corp.*, 711 F. Supp. at 939. In *Marchetto,* the plaintiffs contended that the arbitration clause was unenforceable under Article 11(3) of the Convention because three of the four defendants were not parties to the agreement at issue. *Id* Noting that 9 U.S.C. § 203 allows the court to apply

5

U.S. law to actions falling under the Convention, this Court ruled that that the Arbitration Act and federal substantive law of arbitrability permits non-parties to an arbitration agreement to participate in the arbitration proceedings. Id. Therefore, the fact that van der Boom is named as a Defendant does not affect the enforceability of the arbitration clause.

## CONCLUSION

For the foregoing reasons, the motion of Defendants Rohill Engineering, BV and Roland van der Bloom to compel arbitration is granted. This case is hereby dismissed with prejudice, and the case is terminated. This is a final and appealable order.

It is so ordered.

/ Wayne R. Andersen
United States District Court

Dated: May 2, 2007